Doe on the Demise of Searight and Others *v.* Swails.

In ejectment, the defendant cannot prove that a deed professing to convey a specific number of acres, was intended to convey more.

ERROR to the *Decatur* Circuit Court.

Blackford, J.—This was an action of ejectment for a piece of land alleged in the declaration to contain five acres, being part of the west half of the north-east quarter of section thirty-five, town twelve, range nine, and situate in *Decatur* county.

Plea, not guilty.

The cause was submitted to the Court, and judgment rendered for the defendant.

May Term,
1852.

Doe
v.
Swails.

The facts of this case necessary to be noticed, are as follows:

*William Searight* was the original owner in fee of the west half of said quarter section of land. He sold fifty-five acres and seventy-seven hundredths of an acre off the north end of said half quarter section to *Joseph Searight*, and afterwards died seized in fee of the residue of said half quarter section, which residue lies south of the part he had sold as aforesaid. That unsold part contained twenty-six acres and thirty-three hundredths. The lessors of the plaintiff, as the heirs of *William Searight*, inherited said tract of twenty-six acres and thirty-three hundredths. Those heirs afterwards conveyed in fee to *Nathan P. Swails* a certain parcel of land described as follows, to-wit, twenty-five acres off the south end of the west half of the north-east quarter of section thirty-five, town twelve, range nine, leaving, apparently, undisposed of, a strip of land north of said twenty-five acres, of one acre and thirty-three hundredths; and it is that strip which the plaintiff is now seeking to recover.

The defendant, who claims under said *Nathan*, offered parol testimony to show that said *Nathan's* purchase from said heirs covered the whole of said twenty-six acres and thirty-three hundredths. This testimony was objected to on the ground that it contradicted or varied the terms of the deed from said heirs to said *Nathan;* but the objection was overruled.

The admission of this parol testimony is assigned for error.

We think it is very evident that the evidence was not admissible. The deed to said *Nathan* conveys a tract of land described as twenty-five acres off the south end of said half quarter section. The parol testimony tending to show it was not twenty-five acres, but twenty-six acres and thirty-three hundredths which said *Nathan* purchased, was varying and adding to the terms of the deed. The admission of that testimony was not only in violation of the common law as varying the terms of the deed, but it

May Term,
1852.

was also in violation of the statute of frauds, which prohibits unwritten contracts for the sale of land.

*J. Robinson* and *J. S. Scobey*, for the plaintiff.

*A. Davison*, for the defendant.